UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JAMES E. LYONS,**

        **Petitioner,**

v.                                                Case No. 6:24-cv-733-CEM-EJK

**SECRETARY, DEPARTMENT OF CORRECTIONS,**

        **Respondent.**
_____/

**ORDER**

THIS CAUSE is before the Court on a handwritten document filed by Petitioner titled "Update Status on Federal Habeas Corpus with Respect to Timely Filing Brief Citing Time Tolling." (Doc. 1). Petitioner explains that he is still pursuing his state court remedies, asks to be assigned a federal case number, and requests that the Court instruct him how to proceed.

Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court." Petitioner did not title the document a petition for writ of habeas corpus. Additionally, Petitioner did not use the standard form to initiate such an action. *See* Local Rule 6.04(a), M.D. Fla. (requiring *pro se* prisoners to use the standard form to file a civil complaint or habeas petition). Nor did he comply with the pleading requirements set forth in the *Rules*

*Governing Section 2254 Cases in the United States Courts*. For example, he did not name the Respondent or specify the judgment that he challenges, specify the grounds for which he seeks relief or any facts supporting those grounds, state the relief requested, or sign the document under the penalty of perjury. *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States Courts*. Thus, although the present document was used to open this case file, Petitioner has not initiated a civil action.

Plaintiff additionally failed to pay the filing fee or move to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914(a), 1915; Rule 3(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Petitioner's filing of the present document (Doc. 1) did not initiate a civil action.

2. If Petitioner desires to proceed on any habeas claim in this Court, he must do so by filing a pleading using the standard Section 2254 petition for writ of habeas corpus form. He should not place the current case number on the pleading, as a new case number will be assigned at the time of filing.

3. The Clerk of Court is directed to:

a. Rename the present document (Doc. 1)[1] on the docket as a "Status Update";

b. Send to Petitioner the prisoner Affidavit of Indigency form as well as the standard Section 2254 petition for writ of habeas corpus form; and

c. **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on May 16, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party

---

[1] The Clerk erroneously labeled the document as a federal habeas petition.